VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

MICHAEL W. McTIGUE (Of Counsel)
michael.mctigue@skadden.com
MEREDITH C. SLAWE (Of Counsel)
meredith.slawe@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York, 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendant*
*Valve Corporation*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA WELTY, on behalf of herself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VALVE CORPORATION, a corporation,<br><br>Defendant. | CASE NO.: 1:25-cv-00696-SAB<br><br>**(1) VALVE'S NOTICE OF MOTION AND MOTION TO TRANSFER;**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**<br><br>**(3) DECLARATION OF VIRGINIA F. MILSTEAD IN SUPPORT THEREOF (filed under separate cover);**<br><br>**(3) DECLARATION OF SCOTT LYNCH IN SUPPORT THEREOF (filed under separate cover); and**<br><br>**(4) [PROPOSED] ORDER (lodged under separate cover).**<br><br>Date:      August 20, 2025<br>Time:      10:00 a.m.<br>Judge:     Hon. Stanley A. Boone<br>Courtroom:   9 |

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on August 20, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard at the above-entitled Court, located at 2500 Tulare Street, Fresno, California 93721, Valve Corporation ("Valve") will move the Court for an order transferring this action to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a).

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Virginia F. Milstead, the Declaration of Scott Lynch, the [Proposed] Order, any oral argument heard by the Court, and such other matters as the Court may consider.

DATED: July 18, 2025                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                        */s/ Virginia F. Milstead*
                                        VIRGINIA F. MILSTEAD
                                        *Attorneys for Defendant*
                                        *VALVE CORPORATION*

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. FACTUAL BACKGROUND .................................................................................. 2

    A. Plaintiff Opens Steam Account and Agrees to SSA ..................................... 2

    B. Ryan Lally and Four Other Plaintiffs File a Putative Class Action Against Valve in the Wrong Forum and Later Consent To Transfer Under the SSA's Forum Selection Clause ......................................................................... 2

    C. Mason LLP Initiates a Mass Arbitration on Behalf Of 19,911 Claimants Pursuant to an Agreement Containing a Washington Forum Selection Clause .............................................................................................................. 3

    D. An Arbitrator Finds the SSA's Arbitration Agreement Unenforceable, so Valve Removes the Arbitration Provision from the SSA but Maintains the Washington Forum Selection Clause .............................................................. 3

    E. Plaintiff Seeks Relief in the Superior Court of California Notwithstanding the Washington Forum Selection Clause ....................................................... 4

    F. Mason Files a Motion in *In re Valve Antitrust Litigation* Seeking the Same Relief as in This Action ................................................................................... 5

III. THIS COURT SHOULD TRANSFER THIS ACTION TO THE WESTERN DISTRICT OF WASHINGTON ............................................................................. 5

    A. Both the Current SSA and the Superseded SSA Contain a Washington Forum Selection Clause Governing This Dispute ......................................... 6

    B. Whichever SSA Applies, the Forum Selection Clause Is Valid and Enforceable ...................................................................................................... 7

    C. No "Exceptional Circumstances" Exist To Disregard the Valid Forum Selection Clause .............................................................................................. 9

IV. CONCLUSION ....................................................................................................... 9

# TABLE OF AUTHORITIES

## CASES

*Atlantic Marine Construction Co. v. U.S. District Court*,
  571 U.S. 49 (2013) ............................................................................................. 2, 5, 6, 9

*Bernal v. Kohl's Corp.*,
  No. ED CV 23-1779 PA (SHKx),
  2023 WL 8008977 (N.D. Cal. Nov. 17, 2023) ............................................................. 7

*Brooks v. Warnermedia Direct LLC*,
  No. CV 23-7579-GW-MRWx,
  2023 WL 10706636 (C.D. Cal. Dec. 1, 2023) ........................................................... 6, 7

*Carnival Cruise Lines, Inc. v. Shute*,
  499 U.S. 585 (1991) ..................................................................................................... 8

*Crawford v. Beachbody, LLC*,
  No. 14cv1583–GPC (KSC),
  2014 WL 6606563 (S.D. Cal. Nov. 5, 2014) ................................................................ 8

*Espinoza v. Walmart, Inc.*,
  No. 19-cv-1972-MMA (RBB),
  2020 WL 13886119 (S.D. Cal. Apr. 16, 2020) ............................................................. 6

*M/S Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1 (1972) ......................................................................................................... 7

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
  858 F.2d 509 (9th Cir. 1988) ........................................................................................ 7

*Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*,
  60 F. Supp. 3d 1109 (E.D. Cal. 2014) .......................................................................... 9

*Murphy v. Schneider National, Inc.*,
  362 F.3d 1133 (9th Cir. 2004) ...................................................................................... 7

*Rafeh v. Gold Star Mortgage FinancialGroup, Corp.*,
  No. 2:19-cv-00157-ODW (SKx),
  2019 WL 3067199 (C.D. Cal. July 12, 2019) ............................................................... 8

*Richards v. Lloyd's of London*,
  135 F.3d 1289 (9th Cir. 1998) ...................................................................................... 7

*SocialCom, Inc. v. Arch Insurance Co.*,
  No. 2:20-cv-04056-RGK-AGR,
  2020 WL 6815039 (C.D. Cal. July 7, 2020) ................................................................. 8

*Sun v. Advanced China Healthcare, Inc.*,
  901 F.3d 1081 (9th Cir. 2018) .................................................................................. 5, 7

*Thermomagnetics & Cryogens, Inc. v. Pittsburgh Universal, LLC*,
    No. EDCV 16-2377-GW (SPx),
    2016 WL 11002591 (C.D. Cal. Dec. 19, 2016) ................................................................5

*Wolfire Games, LLC v. Valve Corporation*,
    No. C21-0563-JCC,
    2021 WL 4952220 (W.D. Wash. Oct. 25, 2021) ..............................................................3

*Yang v. Market America, Inc.*,
    No. CV 17-4012-GW-JEMx,
    2019 WL 13240647 (C.D. Cal. May 13, 2019) ...............................................................7

**STATUTES**

28 U.S.C. § 1404(a) ................................................................................................................ ii, 2, 5

28 U.S.C. § 1453 .............................................................................................................................5

California Civil Procedure Code §§ 1281.97 - 1281.99 .................................................................5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court need not reach the merits of Plaintiff's claim here, because Plaintiff's agreement with Defendant Valve Corporation ("Valve") requires transfer of this action to the U.S. District Court for the Western District of Washington.

This action arises out of thousands of individual arbitrations that Plaintiff and other individuals have brought before the American Arbitration Association ("AAA") against Valve, alleging that Valve's video gaming platform, Steam, violates antitrust law. (*See* Compl. ¶¶ 4, 15, 25-27.) Plaintiff seeks to compel Valve to pay AAA's administrative fees for all those arbitrations, both on her own behalf and on behalf of a putative class of California residents. (*Id.* ¶¶ 65-68.) However, Valve has no obligation to arbitrate or to pay any AAA fees because it does not have an arbitration agreement with Plaintiff or these thousands of other consumers. Rather, the agreement between Valve and Steam users, the Steam Subscriber Agreement ("SSA"), requires resolution of disputes in court:

> You and Valve agree that **all disputes and claims** between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained **exclusively in any state or federal court located in King County, Washington**, having subject matter jurisdiction.

(Declaration of Virginia F. Milstead, dated July 18, 2025 ("Milstead Declaration"), Ex. 1 §10 (emphasis added).)[1] The absence of an arbitration agreement between Plaintiff and Valve dooms Plaintiff's claims because Plaintiff's claims are premised on the existence of such an agreement.

But this Court need not reach the merits of that claim. The forum selection clause quoted above requires that this action be transferred to the federal court sitting in King County, Washington, *i.e.*, the Western District of Washington. Plaintiff may argue that a prior version of the SSA governs her relationship with Valve, but even if that were so, that SSA also contains a forum selection clause requiring legal proceedings in court go forward in Washington.[2] Indeed, a court in the Central District of California ordered transfer to the Western District of Washington under that very forum selection clause. (*See* Ex. 2.)

---

[1] Exhibits to the Milstead Declaration are hereinafter referred to as "Ex."

[2] While the current binding SSA has no such provision, the SSA that Plaintiff likely seeks to enforce contains an express class action waiver.

**1**   A transfer would prevent duplication of efforts and a waste of the parties' and judicial resources.
**2** There is already a pending motion before the Western District of Washington seeking the same relief
**3** Plaintiff seeks here. On June 11, 2025, plaintiff Ryan Lally, a California resident who is also part of this
**4** purported class—represented by the same counsel, Mason LLP ("Mason")—filed a motion for sanctions
**5** in *In re Valve Corporation Antitrust Litigation*, No. 21-cv-00563 (W.D. Wash.). (Ex. 3.) There, as here,
**6** Mason seeks sanctions for Valve's alleged failure to pay arbitration fees. There is no logical basis for
**7** these two overlapping matters to proceed in different district courts, nor is it permitted under the forum
**8** selection clause in the SSA.

**9**   Federal law strongly favors the enforcement of forum selection clauses. *See Atl. Marine Constr.*
**10** *Co. v. U.S. Dist. Court*, 571 U.S. 49, 62-63 & n.6 (2013). Plaintiff has no basis to contend that the SSA's
**11** forum selection clause does not apply to this action or is not fully valid and enforceable. Therefore,
**12** pursuant to 28 U.S.C. § 1404(a), this Court should transfer this action to the Western District of
**13** Washington.

**14** **II.    FACTUAL BACKGROUND**

**15**   **A.    Plaintiff Opens Steam Account and Agrees to SSA**

**16**   The steam account Plaintiff claims to own was created on June 29, 2014. (Declaration of Scott
**17** Lynch, dated July 18, 2025 ("Lynch Decl."), ¶ 5.) When Plaintiff became a Steam user, and with each
**18** game purchase she made on Steam, Plaintiff agreed to be bound by the then-current version of the SSA.
**19** (*Id.* ¶ 6.)

**20**   **B.    Ryan Lally and Four Other Plaintiffs File a Putative Class Action Against Valve in**
**21**         **the Wrong Forum and Later Consent To Transfer Under the SSA's Forum Selection Clause**

**22**   On January 28, 2021, Sean Colvin, Ryan Lally, and three other plaintiffs—all alleged Steam
**23** users—filed a putative class action against Valve Corporation in the U.S. District Court for the Central
**24** District of California. *Colvin v. Valve Corporation*, No. 21-cv-00801 (C.D. Cal. filed Jan. 28, 2021). At
**25** the time, the SSA between Valve and Steam users included an arbitration provision and a class action
**26** waiver. (Ex. 4 § 11.) The SSA also included a forum selection clause requiring any legal proceeding in
**27** court go forward in King County, Washington, the county where Valve is headquartered:

**28**   Subject to Section 11 (Dispute Resolution/Binding Arbitration/Class Action Waiver) below, you and Valve agree that **any claim asserted in any**

**legal proceeding shall be commenced and maintained exclusively in any state or federal court located in King County, Washington,** having subject matter jurisdiction. You and Valve hereby consent to the exclusive jurisdiction of such courts. In any dispute arising out of or relating to this Agreement, your use of Steam, your account, or the Content and Services, the prevailing party will be entitled to attorneys' fees and expenses (exception arbitration -- see Section 11.C.)

(Ex. 4 § 10 (emphasis added).)

In accordance with the forum selection clause in the then-operative SSA, on May 7, 2021, the plaintiffs stipulated to transfer *Colvin* to the U.S. District Court for the Western District of Washington. (Ex. 5.) On May 12, 2021, the court ordered the transfer pursuant to the stipulation. (Ex. 6.)

On October 25, 2021, the Western District of Washington compelled arbitration as to Colvin, Lally, and the other named consumer plaintiffs under the then-operative SSA and stayed the action as to those plaintiffs. *Wolfire Games, LLC v. Valve Corporation*, 2021 WL 4952220 (W.D. Wash. Oct. 25, 2021).[3]

### C. Mason LLP Initiates a Mass Arbitration on Behalf Of 19,911 Claimants Pursuant to an Agreement Containing a Washington Forum Selection Clause

In 2023, a number of law firms, including Plaintiff's counsel, Mason, solicited Steam users online to bring "mass arbitrations" against Valve. Between December 5, 2023, and April 24, 2024, Mason submitted to the AAA 19,911 individual demands for arbitration against Valve. Of those, 2,293 were on behalf of alleged California residents. (Compl. ¶¶ 26-27.) The demands asserted antitrust claims nearly identical to those asserted in *In re Valve Corporation Antitrust Litigation* and invoked the then-operative SSA that contained the forum selection clause reproduced above, Part II.A.

On August 20, 2024, before the AAA appointed any merits arbitrators to hear any of the arbitrations, the parties informed the AAA that they had agreed to mediate their disputes. (Compl. ¶¶ 37-39.)

### D. An Arbitrator Finds the SSA's Arbitration Agreement Unenforceable, so Valve Removes the Arbitration Provision from the SSA but Maintains the Washington Forum Selection Clause

Meanwhile, the AAA appointed merits arbitrators for more than 600 arbitrations brought by

---

[3] In a series of orders, the court consolidated *Colvin* with several other putative class actions in a consolidated action captioned *In re Valve Corporation Antitrust Litigation*, No. 21-cv-00563. *See In re Valve Corp. Antitrust Litig.*, No. 21-cv-00563, Dkts. 29, 90, 394.

another firm pursuing a mass arbitration, Bucher Law PLLC ("Bucher"). (Ex. 7 ¶ 17.) Four of Bucher's arbitration claimants successfully challenged the arbitration provision in the then-controlling SSA as unconscionable and unenforceable. (Exs. 8-11.) Those Bucher claimants then commenced a new consumer class action in the Western District of Washington, *Elliott v. Valve Corporation*, No. 2:24-cv-01218.

On September 26, 2024, Valve removed the arbitration provision and the class action waiver from the SSA. The current SSA ("Current SSA") now provides for resolution of disputes in court:

> You and Valve agree that **all disputes and claims** between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) **shall be commenced and maintained exclusively in any state or federal court located in King County, Washington**, having subject matter jurisdiction. You and Valve hereby consent to the exclusive jurisdiction of such courts and waive any objections as to personal jurisdiction or venue in such courts.

(Ex. 1 § 10 (emphasis added).) The former SSA is hereinafter referred to as the "Superseded SSA."

Valve provided notice of the change in the parties' SSA in multiple ways—by a direct email notice, by an in-app "pop-up" notification, and by a notice on Valve's website. (Ex. 7 ¶ 29.) Plaintiff affirmatively agreed to the Current SSA on September 27, 2024, by checking the box next to "I Agree to the Updated Steam Subscriber Agreement" and then clicking "Accept Updated SSA" on the pop-up notice. (Lynch Decl. ¶ 9.) Plaintiff also made several purchases on Steam since Valve launched the Current SSA, in each instance re-affirming her consent to the Current SSA. (*Id.* ¶ 10.)

### E. Plaintiff Seeks Relief in the Superior Court of California Notwithstanding the Washington Forum Selection Clause

Notwithstanding her affirmative and unequivocal agreement to the Current SSA, Plaintiff disputed whether the Current SSA applies to her ongoing arbitration. Following the parties' unsuccessful mediation, she and the other Mason claimants continued to press their claims before the AAA pursuant to the Superseded SSA. (Compl. ¶ 41.) However, in view of the removal of the arbitration provision in the Current SSA, Valve declined to pay further AAA administrative fees for Plaintiff's arbitration or the other claimants' arbitrations. (*Id.* ¶ 46.)

On May 2, 2025, Plaintiff filed a putative class action complaint in the Superior Court of California, County of San Tuolumne. Plaintiff purports to sue on her own behalf and on behalf of "[a]ll residents of California who initiated individual consumer arbitration claims against Valve by providing

notice of their claims prior to September 26, 2024, relating to Valve's violations of the Sherman Antitrust Act." (Compl. ¶ 50.) Plaintiff alleges that Valve failed to pay invoices totaling $20,875,400.00—$1,400 per arbitration claimant—that the AAA issued to continue Plaintiff's and other claimants' arbitrations. (*Id.* ¶¶ 35, 46.) Plaintiff claims to be eligible for relief pursuant to California Code of Civil Procedure §§ 1281.97-1281.99 and seeks an order requiring payment of the AAA's invoices and any future AAA invoices, or, in the alternative, a default judgment "on all the claims of Class Members in arbitration." (*Id.* ¶¶ 65-68.)

On June 6, 2025, Valve removed this putative class action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1453. (Dkt. 1.)

### F. Mason Files a Motion in *In re Valve Antitrust Litigation* Seeking the Same Relief as in This Action

On June 11, 2025, Plaintiff's counsel Mason filed a motion for sanctions in *In re Valve Antitrust Litigation* in the Western District of Washington on behalf of plaintiff Ryan Lally, a California resident. (Ex. 3.) That motion seeks the same relief as this action: sanctions on behalf of a putative class of arbitration claimants, including Plaintiff here and apparently every member of the putative class here, for Valve's alleged failure to pay AAA filing fees. (Ex. 12.) Mirroring this action, Lally alleges that Valve failed to pay "$20,875,400 for . . . case management arbitration fees" to the AAA. (Ex. 3 at 3.) Lally's motion is without merit for the reasons set forth in Valve's opposition filed in the Western District of Washington on June 26, 2025. (Ex. 13.)

### III. THIS COURT SHOULD TRANSFER THIS ACTION TO THE WESTERN DISTRICT OF WASHINGTON

This Court should transfer this action to the Western District of Washington because regardless of which SSA applies—the Superseded SSA or the Current SSA—Plaintiff agreed to pursue her claims only in a state or federal court in King County, Washington.

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* Where there is a valid forum selection clause, "plaintiff's . . . choice of forum merits no weight," and "a court must deem all factors relating to the private interests of the parties . . . entirely in favor of the preselected forum." *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087-88 (9th

Cir. 2018) (quoting *Atl. Marine*, 571 U.S. at 64). Only arguments concerning public interest factors are relevant, but even "those factors will rarely defeat a transfer motion." *Id.* at 1088. Thus, "a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." *Thermomagnetics & Cryogens, Inc. v. Pittsburgh Universal, LLC*, 2016 WL 11002591, at *2 (C.D. Cal. Dec. 19, 2016) (alteration in original) (quoting *Atl. Marine*, 571 U.S. at 63). This is not an exceptional case in any way.

Notably, a court in the Central District of California enforced a substantively identical forum selection clause in a prior version of the Superseded SSA over the plaintiff's objection and transferred an action improperly filed in California to the Western District of Washington. *Grigsby v. Valve Corporation*, No. CV 11-09905 JAK (MANx) (C.D. Cal. Mar. 30, 2012) (Ex. 2.) The same result is warranted here: The Court should transfer this action to the Western District of Washington under the forum selection clause in the SSA—regardless of which version of the SSA applies.

### A. Both the Current SSA and the Superseded SSA Contain a Washington Forum Selection Clause Governing This Dispute

Plaintiff may disagree as to whether the Current SSA or Superseded SSA governs the parties' relationship. But both the Current SSA and the Superseded SSA contain a Washington forum selection clause that would encompass this dispute, and so the Court should transfer this action either way.

The forum selection clause in the Current SSA requires: "***all disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained***" in Washington. (Ex. 1 § 10 (emphasis added).) This lawsuit is plainly a "dispute" or "claim" between Plaintiff and Valve and therefore falls within the unambiguous scope of the Current SSA provision. *See Brooks v. Warnermedia Direct LLC*, 2023 WL 10706636, at *8 (C.D. Cal. Dec. 1, 2023) (observing that "dispute" referred to a "conflict or controversy, esp. one that has given rise to a particular lawsuit," and "claim" is a synonym of dispute).

Even if the Superseded SSA still governed the parties' relationship, this dispute would fall within the scope of that agreement's forum selection clause. The Superseded SSA provided that, other than claims that are arbitrated, "***any claim asserted in any legal proceeding shall be commenced and maintained exclusively***" in Washington. (Ex. 4 § 10 (emphasis added).) This is plainly not an arbitration, and it is a "claim asserted in a legal proceeding." Therefore, Plaintiff must pursue it, if at all, in Washington. *See,*

1  *e.g.*, *Brooks*, 2023 WL 10706636, at *8 (applying clause where "the forum-selection clause is intended to
2  encompass anything that would not go to arbitration"); *Bernal v. Kohl's Corp.*, 2023 WL 8008977, at *3
3  (N.D. Cal. Nov. 17, 2023) (applying forum selection clause to petition to compel arbitration); *Espinoza v.
4  Walmart, Inc.*, 2020 WL 13886119, at *1, *11 (S.D. Cal. Apr. 16, 2020) (applying forum selection clause
5  in cardholder agreement providing that "all controversies . . . that are not subject to arbitration" are subject
6  to "the exclusive jurisdiction of the state and federal courts located in Salt Lake City, Utah" and
7  transferring to the District of Utah); *Yang v. Mkt. Am., Inc.*, 2019 WL 13240647, at *2 (C.D. Cal. May 13,
8  2019) (transferring action where arbitration agreement included North Carolina forum selection clause).

### B. Whichever SSA Applies, the Forum Selection Clause Is Valid and Enforceable

Whichever SSA applies, the forum selection clause is valid and enforceable. Under federal law, "[f]orum selection clauses are prima facie valid." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Here, Plaintiff first filed an arbitration under the Superseded SSA and then later also affirmatively accepted the Current SSA. (Lynch Decl. ¶¶ 7, 9-10.) As such, while Valve disputes that the Superseded SSA is still a valid agreement between the parties, Plaintiff does not dispute that she agreed to *an* SSA containing the forum selection clause. *See Brooks*, 2023 WL 10706636, at *8 (granting motion to transfer when parties disputed which contract applied to their dispute, but both contracts contained a forum selection clause); *Bernal*, 2023 WL 8008977, at *3 (granting motion to transfer when plaintiff sought to arbitrate pursuant to an agreement with a forum selection clause and defendant invoked an updated agreement).

With respect to enforceability, valid forum selection clauses should be enforced unless the resisting party shows "'that enforcement would be unreasonable or unjust.'" *Manetti-Farrow*, 858 F.2d at 514 (quoting *M/S Bremen*, 407 U.S. at 15). This is "a 'heavy burden.'" *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (citation omitted); *accord M/S Bremen*, 407 U.S. at 17; *Sun*, 901 F.3d at 1087-88.

To meet this burden, a plaintiff must show one of three things: that (i) the clause was the product of "fraud or overreaching"; (ii) "the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced"; or (iii) "enforcement would contravene a strong public policy of the forum in which suit is brought." *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th

1 Cir. 1998) (quoting *M/S Bremen*, 407 U.S. at 15). Plaintiff cannot establish any of these grounds.

2   **First**, Plaintiff has not alleged and cannot show that the forum selection clause was included in
3 either SSA as a result of fraud or overreaching. Plaintiff does not claim that she was fraudulently induced
4 into agreeing to the forum selection clause or that the forum selection clause was otherwise the product of
5 overreach. Nor is the fact that neither forum selection clause was negotiated sufficient to establish
6 "overreaching." *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587, 593-95 (1991) (cruise ticket
7 forum selection clause that was not negotiated was not "obtained . . . by fraud or overreaching"); *Crawford*
8 *v. Beachbody, LLC*, 2014 WL 6606563, at *5, *8 (S.D. Cal. Nov. 5, 2014) (holding "[p]laintiff's argument
9 that the Terms and Conditions was not negotiable cannot rebut the presumption in favor of the forum
10 selection clause" and granting motion to transfer). In fact, the court in *Grigsby* rejected this argument with
11 respect to the Superseded SSA. There, the plaintiff contended that the forum selection clause was
12 unenforceable because "Plaintiff had no opportunity to negotiate the clause's terms." (Ex. 14 at 1.) The
13 court disagreed and transferred the action to Washington. (Ex. 2.)

14   **Second**, Plaintiff also has not alleged, and cannot show, that she would be deprived of her day in
15 court if the forum selection clause in either SSA were enforced. "To demonstrate that enforcing a forum
16 selection clause would deprive a party of her day in court, a party must show that the selected forum makes
17 it an impossibility for her to try her case, not simply a less convenient or effective means of doing so."
18 *Rafeh v. Gold Star Mortg. Fin. Grp., Corp.*, 2019 WL 3067199, at *4 (C.D. Cal. July 12, 2019) (citation
19 omitted). Plaintiff cannot make that showing. *Grigsby* is again directly on point. There, the court rejected
20 the plaintiff's argument that the forum selection clause in the Superseded SSA was so one-sided as to be
21 substantively unconscionable merely because it required parties to litigate in Washington. (Exs. 2, 14.)
22 Indeed, there is already a consolidated putative class action pending in the United States District Court for
23 the Western District of Washington, of which Plaintiff is a member of the putative class. And Plaintiff's
24 counsel has filed a motion for sanctions in that very action seeking relief on behalf of Plaintiff among
25 thousands of others.

26   **Third**, the forum selection clause in the SSA does not contravene California public policy. Given
27 the strong federal policy in favor of enforcing forum selection clauses, a plaintiff must show more than
28 the forum state's interest in adjudicating claims involving its residents to avoid the effect of a forum

selection clause. Instead, the plaintiff must point to something more tangible, such as a statute or judicial decision, that "*clearly states*" that a strong policy bars enforcement of a forum selection clause. *SocialCom, Inc. v. Arch Ins. Co.*, 2020 WL 6815039, at *3, *5 (C.D. Cal. July 7, 2020) (emphasis in original) (granting transfer where plaintiff failed to show a California policy that "*clearly state[d]* that such . . . policy [banned] enforcement of [the] forum-selection clause" at issue). Plaintiff can point to nothing of the sort here—nor could the plaintiffs in *Grigsby* or *Colvin*.

### C. No "Exceptional Circumstances" Exist To Disregard the Valid Forum Selection Clause

Once a court finds a valid forum selection clause, it should refuse to enforce it only in "the most exceptional cases," and then based on an evaluation of public interest, not private, factors. *Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, 60 F. Supp. 3d 1109, 1113, 1119-20 (E.D. Cal. 2014) (quoting *Atl. Marine*, 571 U.S. at 59-60). Plaintiff cannot make a showing that this is an exceptional case. If anything, public interest factors strongly tilt in favor of enforcing the forum selection clause: it would be manifestly inefficient and a waste of judicial resources for this action and Mason's parallel motion in *In re Valve Antitrust Litigation* to proceed in different courts. (*See supra* Part II.F.)

## IV. CONCLUSION

For the foregoing reasons, this action should be transferred to the U.S. District Court for the Western District of Washington.

DATED: July 18, 2025　　　　　　　　SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

　　　　　　　　　　　　　　　　　*/s/ Virginia F. Milstead*
　　　　　　　　　　　　　　　　　VIRGINIA F. MILSTEAD
　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　*VALVE CORPORATION*

9
MOTION TO TRANSFER